RICHARD T. DANA, complainant, appellant,

*v.*

AMERICAN TOBACCO COMPANY et al., defendants, respondents.

[Argued December 5th, 1907. Decided March 2d, 1908.]

A consolidation agreement was made by several companies in September, 1904, and complainant, a stockholder in defendant company, had full notice of the merger and of its terms as early as November 15th then next, and had investigated and fully resolved to dissent therefrom as early as January 7th, 1905, when he addressed a written protest to the president and directors of his company. Within two weeks he was sufficiently notified that his protest would be disregarded, but did not file his bill to avoid the merger until March 20th, 1905. Meanwhile the securities of the consolidated company had been daily changing hands in the open market, and the actual business of the company had been carried on in such a manner as to render a separation of the consolidated company into its constituent elements increasingly difficult.—*Held*, that complainant was guilty of laches precluding relief.

On appeal from a final decree made by the former chancellor upon the advice of Vice-Chancellor Pitney, whose opinion is reported in *72 N. J. Eq.* (*2 Buch.*) *44.*

*Messrs. Coult & Smith* and *Mr. Grosvenor Nicholas* (of the New York bar), for the appellant.

*Mr. Charles L. Corbin* and *Mr. Richard V. Lindabury*, for the American Tobacco Company, respondent.

*Mr. Robert H. McCarter*, attorney-general, and *Mr. Bronson Winthrop* (of the New York bar), for the Morton Trust Company, respondent.

PER CURIAM.

Upon the sole ground of the laches of the complainant herein, the decree under review should be affirmed.

The consolidation agreement which is under attack was made by the several companies in September, 1904. It was agreed to by a large majority of the stockholders of each of the companies, and was filed in the office of the secretary of state on October 20th. Full notice of the merger and of its terms came to the complainant at least as early as November 15th. Conceding that he was entitled to a reasonable time to investigate the matter and to determine whether his interests required that he should dissent, he had done this and become fully resolved to dissent at least as early as January 7th, 1905, when he addressed a written protest to the president and directors of the constituent company, of which he was a stockholder. He was not justified in assuming that this protest would be efficacious to stay the consummation of the merger. Within two weeks (or, at the utmost, three weeks), he was sufficiently notified that his protest would be disregarded. His bill of complaint was not filed until March 20th, 1905.

The fact that so much time had elapsed since the making of the merger agreement before he made up his mind to dissent, the magnitude of the interests involved in the merger, the fact that the securities of the consolidated company were daily changing hands in the open market, and that the actual business of the company was being carried on in such manner as to render a separation of the consolidated company into its constituent elements increasingly difficult—these and other peculiar circumstances disclosed in the evidence, and to some extent adverted to in the opinion of the learned vice-chancellor in this case and in that of *Beling* v. *American Tobacco Co., 72 N. J. Eq. (2 Buch.) 32,* were such as to call for the utmost diligence on the part of the complainant in making application to the court of equity, if he desired the very drastic relief for which he prays.

We think his delay in bringing the action is, under all the circumstances, sufficient to debar him from relief other than such as was offered to him in the court below, and which he there declined.

No other question is passed upon.

The decree under review should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.